Our next case is Soto v. United States, docket number 22-2011. Counselor Utrecht, did I pronounce that correctly? You did, yes. Thank you, Your Honor. Utrecht, you have reserved five minutes of time for rebuttal. That's correct, Your Honor. Okay. Looks like we're all ready. You may begin. Good morning, Your Honor. Stephanie Utrecht on behalf of the United States. Addition to this appeal is a straightforward legal issue. Through the Barring Act 31 U.S.C. 3702, Congress provided that all claims against the United States must be presented to the official responsible for making a final determination of the amount due within six years of the claim's approval. So the only question in this case is whether a claim for back pay of combat-related special compensation is subject to the same six-year statute of limitations as every other form of military compensation. The district court's ruling here granted extraordinary classified relief, holding not only that the six-year statute of limitations does not apply, but that no statute of limitations applies to this claim for back pay of special combat-related special compensation in order for the government to process these back pay claims regardless of when they first accrued. That ruling finds no basis in the text of the statute. The district court relied on it for this reason, and we believe that that whole thing should be reversed. So one of the preliminary questions that I have is whether the CRSC statute specifically addresses settling a claim as those terms are understood under the Barring Act. It does not, Your Honor. If you look at the CRSC statute, section 1413A, it provides a couple of things. It says who is eligible for combat-related special compensation. It provides that the Department of Defense should establish procedures to make a determination about whether a retired military service member's disability is combat-related, which would make someone eligible, and it sells out the amount of pay that would be provided to those individuals. But that's not the same thing as settling a claim. And I would urge Your Honors to look at all of the other forms of military compensation, including retired pay, you know, survival annuities. All of them have those core features where they sell out who is eligible for the type of payment and then who are not. Instead of what a settlement statute does. What I see what the CRSC does, a statute, it provides the determines the validity of a claim, a process for determining the validity of a claim, the amount of money that's due, and then whether it covers an actual claim. But why is that not settling a claim? So, well, I think we need to make a distinction between an entitlement to pay and a statute that creates a settlement process. So a statute that creates a settlement process is going to have one of a few features. It's going to say who you submit the claim to, who makes the final determination about the administrative validity of the amount, and that includes not just are you eligible for this type of payment, but does it need to be offset by certain amounts such as, you know, if you look at the other provisions before and after the Barring Act, it sets forth the different kinds of offsets that will happen when you make these sorts of determinations. And you will also see when the claim should be submitted. None of those features exist within 1413A. And it's important because when we've seen Congress display the Barring Act, examples provided in our brief include tree FLSA, which was discussed in the D.C. Circuit's case, Battle v. Hinchman. We've seen them do that with respect to the Torts Claims Act. Congress has been very explicit that they are either changing who is responsible for making the final determination about the amount due or when the claim must be submitted. Neither of those things exist in 1413A, and that silence is telling because when Congress enacted Section 1413A, it did so against the well-established backdrop of all claims for military compensation in settling the procedures of the Barring Act. The criteria that you just identified for distinguishing between just an entitlement to pay and settlement of a claim, that makes sense to me, and you cite a bunch of executive branch authorities that seem to support it. But is there any case law that would say those are the things we look to to determine what kind of statute we're looking at? There's very little, Your Honor. This issue doesn't seem to come up very often, in part because it is, at least in the military compensation world, it's very well-established that the Department of Defense has the responsibility for resolving and finally determining the amount due when it comes to personnel claims. You have the broad categories that are 3702A1, military pay, retired pay, equipment pay. All of those, it can properly be sort of classified as personnel claims, claims arising out of someone's employment or former employment about the amount of money that's due to them. It's an issue of when that's disclosed has not arisen that I'm aware of, in part because it is very well-established, and if Congress were to try to have a new regime and to make it a different, to have a different scheme applied, it would do so expressly. The one thing that comes to mind to me, Your Honors, is in New Sereba, Congress made very clear that the Merit System Protection Board shall consider claims without regard to when they approve, and this Court, in the Hernandez decision, cited that as an example of the kind of language that would displace a broader or general statute of limitations like the one in the Barring Act. Again, there's nothing like that. The district court, I think, looked specifically at Hernandez, at least at the motion for judgment on the pleading stage, and said it supports the plaintiffs here. Isn't that correct? The district court did say that. That's wrong for the following reasons. So the district court was correct that this Court, in Hernandez, said a more specific statute can displace a more general statute. We don't disagree with that. The problem is there's no equivalent language in 1413A as the language in New Sereba. Nothing in 1413A says the Department of Defense shall settle claims for back pay without regard to when they approve. If that language were there, I don't think we would be here arguing that the six-year statute of limitations applies. I think that would be a very clear congressional command to consider claims for back pay regardless of when they approve. We don't have that language here. The district court went on to say, well, maybe we can infer from the Department of Defense's program guidance that there's no statute of limitations. There's a couple problems with that. One is that's not the text of the statute. Two is that program guidance was enacted pursuant to the Department of Defense's understanding that its authority to resolve claims for back pay comes from the Barring Act. Also on that point, I mean, if Congress could displace the Barring Act by just directing the agency to promulgate regulations, wouldn't that also mean the agency could establish whatever statute of limitation it wanted? But that's another problem with the district court's reasoning here, Your Honor. And again, I... So, I mean, it seems to be a hole to me. If Congress hasn't specified a statute of limitation, but yet this is read as specific enough to displace the Barring Act because it allows the agency to determine the procedures, then the agency could set the statute of limitations out one day or 100 years, which seems, I mean, so illogical in our system of law that Congress couldn't have intended that. I agree, Your Honor. And I would also emphasize that Congress and the case law about the Barring Act expressly provides that it can only be waived under its very terms. So if the Barring Act applies, the only time you can have a tolling of the statute of limitations or a waiver of the statute of limitations is under its express terms. So it would be very strange indeed to say that the agency could overcome that from regulations. Can I ask you another hypothetical, which is, there's some argument that the Barring Act doesn't apply not because of the displacement but on its terms because it talks about retired pay. I understand your arguments on that, that it doesn't have to be actually retired pay, it has to be related to retired pay. But here's what I want to ask you. If we agreed with your friends that the Barring Act doesn't apply because this doesn't deal with retired pay, but we agreed with you that this statute is not specific enough to give settlement authority, where would we be for these claims? So, as I think, as we try to explain in our briefs, the question of whether this is retired pay or not really is an outcome determinative. But I would point you, Your Honor, to the very first sentence of 3702A, which says that all claims against the United States shall be settled as follows. So the Six-Year Statute of Limitations applies to all claims except those provided under another law. So the question then is really not whether the Barring Act applies to all claims. It would just be a determination of which agency under those or which entity, and so maybe there might be an argument that it's not DOD because it's not retired pay, but it has to be decided by one of those entities. That's correct. The 8.1 through 8.4 detailed who is the official responsible for making the final determination of specific types of claims. So let me take it one further step. Let's just assume for purposes that we agree that all claims is further defined by all of those subcategories and that we decide this doesn't fit in any of those subcategories, but yet I know this is pushing it to the limits of the logic, but I'm a little curious about what would happen here, so the Barring Act doesn't apply because it doesn't fit in within any of these categories, but we also agree with you that this is not self-executing. What happens if they don't get the money they think they deserve? Can they just file in a Tucker Act claim based upon this being a money mandating statute? I mean it doesn't seem to be a money mandating statute either. Two responses, Your Honor. The first is I understand the premise of the question is to push back against our framing of this, but I just want to emphasize that the last subsection 8.4 says all other claims not otherwise provided for, so it's a catch-all provision. So there isn't really going to be a world in which no official has responsibility. The Barring Act has to apply if it's a claim against the United States that is not otherwise provided for by a more specific statute. That's correct. Then the Barring Act has to apply. So we would never be faced with a situation where no official has the ability to settle a claim against the United States. There's always going to be someone, and as we've explained in our briefs, even if you think this isn't the kind of claim involving retired pay that would be covered under 8.1, it's still a claim against the United States that the Office of Management and Budget has dedicated to the Department of Defense to settle anyway. So if we agree that the compensation statute is not specific enough to be a displacement, then the Barring Act has to apply in this discussion about whether it fits into retired pay or not. Yes, that's why the only question really is whether 1413A is enough to displace the Barring Act. The second point I wanted to raise was, and I think this underscores the flaws in the district court's analysis here, that because there's nothing in 1413A that talks about back pay or how much back pay or how far back back pay goes, it would be difficult to imagine that it mandates the department to consider claims no matter how far back that they go. And I see you've cut into my rebuttal time. I'm happy to continue to answer questions if you have any, otherwise I'd like to observe the remainder of my time. Thank you. Counselor Jones, correct? Good morning, Your Honor. I'm Simone Jones, here on behalf of a class of incredibly deserving military veterans that brought this case. These are veterans who were both injured in combat and who retired from the military service, either because their disabilities prevented further military service or they had served at least 20 years. Defendant found that these veterans are in fact entitled to combat-related special compensation, also known as CRSC. What specific language in 1413 or anywhere in the statute tells us who is to decide these claims? Sure. So if you go to 1413A, it specifically says that, just to level set, Your Honor, and I think you raised this in the – with – No, can you just go on what you were saying? What is the language that says this entity shall decide claims under this section? Sure. So the CRSC statute provides in Section 1413A, the opening, that the Secretary of Defense shall pay to each eligible – No, no, no, no. That's not what I'm asking for. I'm not asking for the work, the eligibility, or that the secretaries would pay. The specific language on who has the authority to settle a claim. So the case law provides that to settle a claim means to make an administrative determination regarding the validity of that claim. Right, and which language says the Secretary – So 1413A says that – expressly states that the CRSC benefits are determined under subsection B of the statute. And if you walk through subsection B of the statute, it provides the ways that are instructed on determining the administrative validity of those claims. So you have, for example, subsection B, which provides the parameters for determining the amount of monthly benefits. Does any of that language say the Secretary of Defense shall make a final decision on the claims, or the Secretary of Defense has the authority to adjudicate these claims, or anything like that? The language says that it provides that the Secretary of Defense can use those parameters to make determinations on CRSC claims. How is that specific enough to displace the Barring Act? Well, given that the Barring Act says that – given that the Barring Act only applies if there is no other law that – But that other law has to have specific authority to adjudicate or otherwise settle a claim. And I don't – I think – I mean, I've asked you – I know, you're doing your best to point to the language you think supports you. I think there is no language that states it in the way I'm asking it to be stated, correct? There's no language that says the Secretary of Defense has the authority to adjudicate these claims, otherwise administer, settle these claims, make a final decision, or anything like that? The – that – there is – that language – You may agree – you can disagree that that's what's required, but is there any language that contains any of those kind of three terms I've used about settle, issue a final decision, adjudicate? So there is language in the CRSC statute that provides the Secretary – that deals with procedures and that deals with the exact – the exact specifics that you're asking about here. And it directs – and when you look at the guidance, so the 2004 – I don't want to talk about the guidance. I don't think that Congress can waive sovereign immunity and get you out of the Barring Act by telling the agency to promulgate regulations. You can disagree about that, but that's not what I'm interested in. I'm interested in the specific language of the statute that provides the authority that would displace the Barring Act. Counselor, let's take a look at 10 U.S.C. 1413A. Yes, Your Honor. And that – this is a CRSC statute. Yes. And it starts off by saying the Secretary shall pay to each eligible, and then it goes on into other provisions saying that the Secretary will determine the amount, set the maximum amount, what it can exceed, what not, what type of reductions, retired pay that's applicable. When the term Secretary is used, who is that referring to, the Secretary of what? The Secretary of the Department of Defense. Yes. Okay. Then wouldn't you say that the statute defines, first of all, the Secretary of Defense as the agency and the administrative authority that would settle these claims? Yes. Okay. But pay is not settled, right? The problem with your argument is it proves too much because there are pay statutes littered throughout the United States Code dealing with military people and with civilians that are still covered by the Barring Act, right? Respectfully, Your Honor, I don't think that this is pay. This is compensation. You didn't answer my question. This is a class compensation that the – Well, if you don't think it's pay, then how does the word shall pay give you enough settlement authority? If I don't think that it's pay, how does – All these other statutes talk about the Secretary shall pay this annual salary. If it's – I'm just saying there are hundreds of eligibility requirements or pay requirements or anything that use the word pay to determine eligibility. That has not ever been shown to be enough to displace the Barring Act, which requires a specific identification of who can actually adjudicate a claim. So, again, I think that the CRS – Let me just ask you, and just please try to answer my hypothetical this time. I understand you disagree with my legal point, but if I'm correct that to displace the Barring Act, you need something more than shall pay, an eligibility requirement, that you need a specific statement of who gets to adjudicate the claim in those words, then we don't have this in the Barring Act, right? We don't have the specific words that you just said, correct. Okay. I appreciate your candor in answering the hypothetical. Sure, but again, I would disagree that those words are what are required in order for the CRSC statute to displace the Barring Act. Can you give us an example where the Barring Act has been displaced with less than those words? Well, so I'm not – I admit that I'm not entirely versed on all of the military pay statutes that are out there. No, no, but I mean – Or the statutes that displace the Barring Act. Do you have a case where any court has said the Barring Act is displaced with less than clear language about who can adjudicate? Well, I do have case law because it seems like the government is focused on the absence of the word settlement. Because just looking at – comparing the Barring Act and comparing the CRSC statute, there's really not much distance between those statutes. What's interesting here is that the government focuses its argument on the settlement language. The case law does say that settlement – Can you get to the point – I ask you, do you have case law that suggests that something less than these formal words requiring adjudication, settlement, final decision, or the like are sufficient? Actually, I do have case law that says that the word settle is not required in order to displace – in order to displace the Barring Act. That's going to be the Hernandez case. But the Hernandez case doesn't help you because the Hernandez case specifically notes that the USERA statute gives the MSPB the authority to adjudicate these claims. It identifies the entity that's the adjudicator. There's also the Braun case, which relies on another law provision in the preamble of Section 3702. Even though the other laws that created the right to action, those laws being the Social Security Act and the Privacy Act, did not contain the word settlement. But did they otherwise identify who would adjudicate the claims? That's – that I would have to confirm. Well, I'm sure your friend on the other side will have an answer for that. I mean, that's the whole point of this line of cases is the Barring Act is displaced if another statute identifies another entity or another way to adjudicate claims. Right. And we would posit that the CRSC statute does provide those ways. But you don't have any cases that say you can do it by inference when you just have words like shall pay and eligibility criteria and the like. The cases that I'm aware of all have some indication of this specific entity, this agency, this court form has the right or that's how you adjudicate the claims. Right? That's what all those cases that I've read say. Right. And the cases that I've read have defined – have said that to settle a claim means to administratively determine the validity of that claim. That's what settlement means. And the CRSC statute allows for that. And it's interesting because when you look at the CRSC statute and compare it to even the Barring Act, it seems – well, let me take a step back. It seems like the defendant – and at the district court level, I think defendant agreed with that definition of – that I just provided regarding settlement that the case law provides. Defendant now seems to be taking this position that – defendant now seems to be taking this position that in order for you to – for there to be sufficient settlement authority, for a statute to have the mechanisms to settle, you have to have these – you have to have these calculations or these equations to get to the – to get to the precise amount of benefits to which – to which a veteran is owed. But again, in making that argument, the defendant wholly ignores the Adams v. Hinchman case, which provided the definition of settlement that I provided here today. In addition, the defendant's own position is internally inconsistent. The Barring Act doesn't include even mathematical equations. Counsel for the defendant referenced how the statute would need to include – and the defendant discusses this in its brief as well – how the statute would need to include calculations sufficient to – regarding alimony and chalice support and ways to calculate offsets or other debts owed to the United States. But that argument is absurd, particularly when you look at the statutes that the defendant itself cites, including the Federal Tort Claim Act. That level of detail is not even there, and it's not in the Barring Act as well. Well, I understand that. So – But the problem I'm still having is that there are an awful lot of statutes that look like this statute. Including the Barring Act. No, no, no, no. The Barring Act doesn't establish eligibility criteria for entitlement to something. The Barring Act just says who gets to settle them and what the rules are. What I'm saying is there are hundreds and hundreds of statutes that establish eligibility for payments from the United States. And the logic of your argument is if those statutes say an agency official can determine how much is to be paid under this eligibility criteria, then the Barring Act is displaced and there will be no statute of limitations. This opens up the United States to lawsuits under almost every kind of compensation statute without statute of limitations. And that reading of this statute, it would just create absurd results if we don't apply the Barring Act, which is the commonly understood statute of limitations, unless it's otherwise specified. Right. And I think the Barring Act in its six-year statute of limitations was enacted in 1997. The CRSC statute came around six years later in 2003. Had Congress intended to limit the time period that these particular well-deserving veterans had to follow their claims, Congress could have done so. I mean, isn't the opposite actually true? I mean, Congress understands generally that statute of limitations applies to claims against the government. So if they intend a statute of limitation not to apply, they say it like they did in Hernandez, that they say it without regard to when the claim was filed. I think it's the opposite presumption to say that Congress didn't intend a statute of limitations to apply unless they said it. Yeah, and I respectfully disagree on that point, Your Honor. I think that CRSC benefits are a special type of benefits. They're awarded to a special category of veterans. Can I ask you? You had a whole other argument, I think, at the district court level about the wartime exception. I think the district court didn't reach it. The government has responded to it. Are you persuaded by them, or is that still an alternative basis you're arguing for affirmance here? Yes, Your Honor. We are still arguing that argument. I hear defendants, and I read defendants' argument, but at the end of the day, the statute says what the statute says, and the statute here says members of armed forces. To the extent that there is any discrepancy with that language, then that has to be, pursuant to the case law, resolved in favor – interpreting that language – resolved in favor of veterans. The pro-veteran candidate. The pro-veteran candidate. Are there any cases that analyze what the language you just quoted from the statute means in this context? There is one case. There is an Armstrong v. Archer letter case where the court said, on its face, subsection B-2 was enacted to protect service members at war whose claims might otherwise be compromised by their military service. For this reason, war veterans were and are given additional time to file any claim against the United States after the secession of hostilities. So I think that a war veteran would not be considered to be active military. Counselor, you've run out of time. Do you want to conclude? Sure. So, as I indicated, CRSC benefits are a special form of compensation that Congress has decided to award to particularly deserving veterans. These are veterans. These are men and women who were injured in combat defending this country. In that regard, the country owes these combat disabled veterans the highest debt. It, therefore, is not surprising that Congress chose not to limit the time period that these veterans have to bring their claims, particularly given their circumstances and the types of conditions that they're suffering from. The defendant has fought this case for more than six and a half years at every turn, even after the district court denied the defendant's motion for summary judgment on the pleadings after finding that the Barring Act does not apply to CRSC claims, and even though the district court correctly granted summary judgment in favor of a plaintiff for that very reason. Throughout this case, the defendant has changed its positions. It's gone from saying that the CRSC, it initially argued in the face of language to the contrary, the CRSC benefits are not, are retired, are in fact retired pay. The defendant has morphed its argument, and now it's falling back on this another law provision. But notwithstanding the mental gymnastics that the defendant asks this court to jump through to find in its favor, the fact still remains and the law supports that the Barring Act, and by extension, its six-year statute of limitations does not apply to CRSC claims. Okay. Thank you, Your Honor. Chief, we're going to restore you back to five minutes of time. Can you just respond directly to the point that the statute says the secretary shall pay and sets out the conditions and procedures for paying it? Why isn't that enough? Well, Your Honor, as I think counsel on the other side has agreed with us, that pay is different from an administrative determination of the amount due. The words shall pay establish that eligible combat-related disabled veterans have entitlement to pay on a recurring basis once it has been determined that they have a disability, that disability is combat-related. But it doesn't tell us what matters for Barring Act purposes, which is who is responsible for adjudicating the amount that is owed to them, making a final administrative determination that that amount is that one. Why is it not that the Department of Defense manual, as we refer to it, financial management regulation manual, doesn't that set out a pretty straightforward procedure on how a member is going to be paid? So the financial, I was probably sure that we're talking about the same thing. I mean, it starts off by identifying that the secretary is the secretary of the Department of Defense, and then it says shall prescribe procedures, and here's a whole slew of procedures in the manual on how this system is going to work. So I think it's important for us to separate two questions, both of which are relevant here. One is the question of whether someone is eligible for CRSC. That's a yes or no determination. Congress provided in 1413 A.D. that the secretary of defense shall make procedures to make that determination. There are a lot of veterans. There are a lot of veterans with disabilities. Someone has to make the first determination about whether those disabilities are combat-related or not. Congress provided the secretary of defense to make procedures to make that determination. The second question, and this is all we're fighting about here because, of course, we agree that everyone in this class is a combat-related eligible veteran. The second question is how much is owed to each of these individual people? Not just on a recurring basis how much needs to be paid pursuant to applying the 1413 A standards for pay, but how far back do we go? What's the amount that's offset for that? Is it valid? Do they elect other sorts of benefits that would be a dual compensation problem? There are all sorts of compensation calculations that go into this determination, and the Borrowing Act provides the authority to adjudicate that and make the final determination. You're making a lot of policy arguments. I'm actually just trying to explain how this works in the ordinary course. You want me to decide the case on the size of the administrative burden that the agency would be taking on if we went this way or that way. That's not… Respectfully, Your Honor, I was actually just trying to explain how this works in the ordinary course because if plaintiffs here are correct that merely by saying shall pay to the following individuals, that would displace the Borrowing Act with respect to every form of compensation that exists. And that's obviously not what Congress intended because it expressly provided these kinds of compensations as being the sorts of things that are covered under the Borrowing Act. Are you aware of any cases where any court has found the Borrowing Act displaced by something like shall pay with criteria? I am not. Yeah, I'm not aware of any cases that found the Borrowing Act displaced by shall pay. The few cases that I'm aware of actually refer specifically to a different statute of limitations or a different adjudicator. So earlier, the Social Security Act was mentioned. One of the things that makes the Social Security Act a separate subject statute is it spells out that claims go to administrative law judges and then appeals and there's a final determination from those appeals by the Secretary of HHS. And that is a very specific procedure of how an adjudicator makes a final determination. Just one other question. You repeatedly say in your briefs that the members of the class have an administrative process where they could have brought these claims rather than just report. Is there any legal relevance to that point? The legal relevance to that point is the process that applies for appeals to claims for CRSE is the same process that applies to other forms of compensation. And if you look to 32 CFR parts 281 and 282, that is the claim settlement process that the Department of Defense has set up pursuant to its Borrowing Act authority. And so the fact that there is this appeals process at least shows that we've always, from the start, understood combat-related social compensation claims are authority to settle those claims, are authority to pay back bank to come from the Borrowing Act and not from 1413A itself. Thank you. Thank you, Your Honor. Thank you very much. We thank the parties for their arguments, and we'll take this case under advisement.